STATE OF VERMONT
SUPERIOR COURT - ENVIRONMENTAL DIVISION

{

In re: Smith Boathouse Permit Application[1]      {            Docket No. 117-8-12 Vtec
{      (Appeal from Leicester ZBA (No. 21-12-ZA))
{

**Judgment Order**

Jeffrey T. Smith and Linda M. Smith ("Applicants") have appealed a decision by the Town of Leicester Zoning Board of Adjustment ("ZBA") denying their application for a zoning permit to build a boathouse and rail system to store a boat on their property at 1134 Hooker Road, which lies along the shoreline of Lake Dunmore.

Mr. Smith first submitted an application for his proposed boathouse in 2009; that application was approved by the Town of Leicester Zoning Administrator ("the Administrator"). Once Mr. Smith began site work on his property, at least one concerned neighbor contacted state authorities about work allegedly being done in Lake Dunmore or an adjoining wetland. Mr. Smith voluntarily ceased his site work, began discussions with state officials, and revised his project plans. As a consequence, Applicants sought a new building permit.

Applicants submitted their second application on June 5, 2012. When the Administrator denied this second application, Mr. Smith filed a timely appeal with the ZBA. When the ZBA denied Mr. Smith's appealed application on August 14, 2012, Applicants filed a timely appeal with this Court.

Once Applicants filed their appeal with this Court, several of their neighbors appeared and filed cross-appeals.[2] All of these individuals, including Mr. and Mrs. Smith,[3] appeared as self-represented litigants. Mr. Smith initially sought to narrow the legal issues to be addressed

---

[1] The caption originally assigned to this appeal was In re Smith CU (Boathouse denial). During trial, the Court determined that the caption needed to be revised, since the Smith application did not seek conditional use approval; no party at trial asserted that Mr. Smith's proposed boathouse required conditional use approval. We have therefore revised the caption to delete the reference to CU approval.

[2] Neighbors William Pitkin, Linda Pitkin, Harry Chen, and Anne Lezak filed cross-appeals; neighbors Andrew and Bethany Menkart, Charles H. and Grace S. Makovec, Susan Potter, Rosemary Spahn, Stephan Beck, Kate Williams, and Lisa Ventriss appeared as self-represented Interested Persons. The Town of Leicester, through its attorney, James F. Carroll, Esq., and the State of Vermont Agency of Natural Resources ("ANR"), through its attorney, John Zaikowski, Esq., also entered appearances.

[3] Mr. Smith is a Vermont licensed attorney and appeared in this proceeding on his and Mrs. Smith's behalf.

by the Court by filing a motion for summary judgment. The Town of Leicester ("Town") opposed Mr. Smith's motion, as did several of his neighbors. The Court then issued an Entry Order, granting in part and denying in part Applicants' summary judgment motion. See In re Smith Boathouse Permit App., No. 2-1-12 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Mar. 26, 2013) (Durkin, J.). As a consequence of this Entry Order, only Question 2 of Applicants' Statement of Questions (filed Sept. 6, 2012) remained for adjudication. Question 2, as paraphrased by the Court, asked whether Applicants' revised plans for their boathouse conformed to the applicable provisions of the Town of Leicester Zoning Bylaws ("Bylaws"). Id. at 3. The Court noted that Bylaws § 620 provided that "[w]aterfront lots may have a one-story boathouse chiefly for the purpose of boat storage and one end may extend into the water 16 feet, if permitted by state statute or regulation." Id. We also noted that at trial Applicants would need to show that their proposed structure conformed to the applicable dimensional provisions of the Bylaws, including the dimensional provisions in the remaining portion of Bylaws § 620. Id. at 4.

The Court then directed the parties to complete their trial preparations so that the Court could receive evidence at trial on these remaining legal issues, as well as the legal issues raised by the Cross-Appellants.[4]

The Court conducted a site visit and trial on September 6, 2013. The statements and observations made during the site visit were not regarded as evidence, but rather were relied upon to provide context for the evidence received at trial. When all parties had a full opportunity to present evidence and cross-examine the witnesses presented by other parties, the Court recessed the merits hearing to begin its deliberations and complete legal research. The Court then reconvened the hearing to announce its Findings of Fact and Conclusions of Law. This Judgment Order is issued to provide a summary of the Findings and Conclusions rendered by the Court at the conclusion of the merits hearing, and to fulfill the Court's obligations under V.R.C.P. 58 to issue a Judgment Order.

1.      Applicants' property is located in the Lake Zoning District ("Lake District") and therefore must conform to Bylaws § 270.

---

[4] All of the Questions posed by the Cross-Appellants challenge whether the proposed boathouse conforms to various dimensional requirements and therefore overlap the legal issues raised by Applicants' Question 2, as paraphrased by the Court. See Cross-Appellants Linda and William Pitkin's Statement of Questions, filed Oct. 9, 2012 and Cross-Appellants Harry Chen and Anne Lezak's Statement of Questions, filed Oct. 11, 2012.

2. Applicants' parcel, measuring approximately 70 feet wide and 110 feet deep, has frontage on both Hooker Road and Lake Dunmore. The parcel currently contains no development. Applicants own another nearby property on which their home is located. That property does not adjoin the subject property and does not have frontage on Lake Dunmore.

3. Applicants first proposed to construct a boathouse that encroached into the waters of Lake Dunmore. After they received approval for the 2009 municipal permit application, Mr. Smith caused a portion of the subject property to be excavated and about 20 to 24 cubic yards of stone and fill to be brought onto the subject property. The area Mr. Smith excavated and filled is a classified and protected wetland.

4. ANR officials determined that if Applicants continued with their plans to construct and use a boathouse that encroached into Lake Dunmore, they would need to apply for and obtain a state permit. See Town Exhibit 6. In addition, ANR officials advised Mr. Smith that he must remove the unauthorized fill from the wetland on his property to correct this wetland violation, whether on not he proceeded with his plans to construct a boathouse, and whether that boathouse encroached into Lake Dunmore or not. Id.

5. Applicants revised their plans so that their proposed boathouse would not extend into Lake Dunmore ("the Lake"). Applicants propose to install a winch and two steel rails that would extend from the boathouse and into the Lake, so that they could winch their boat from the Lake and into the boathouse. Applicants proposed to remove the rails from the Lake each fall and return them to the Lake each spring.

6. Mr. Smith proposed to remove the stone and fill from the subject property after construction of the boathouse. As of the date of trial, the stone and fill remained on the property. None of the seeding or mulching directed by ANR officials, as noted in Town Exhibit 6, had been done.

7. Bylaw § 270 establishes the requirements for development in the Lake District, including that all listed uses may be permitted, "unless prohibited by . . . other provisions of these bylaws or state or federal regulations." Id. Town Exhibit 6 provided uncontroverted evidence that Mr. Smith placed stone and fill in the wetland on his property without required state or municipal permits. Therefore, a permit to building a boathouse on the property cannot be granted because of the illegal filling of the wetland.

8. Bylaw § 620 provides authority for a boathouse to be constructed and used on waterfront properties, but does not supersede the use and dimensional requirements for the Lake District.

9. Bylaws § 270 lists permitted and conditional uses allowed in the Lake District. That provision does not specifically list boathouses as being either a permitted or conditional use, but does list "accessory use or building" as a permitted use. Implicit in this provision is that an accessory use or building is only allowed on a Lake District property if it accompanies a principal use or building. Because § 620 does not supersede the use requirements, a boathouse may only be allowed as an accessory use or building in the Lake District and therefore must accompany a principal use or building.

10. Applicants provided no evidence of the principal use or building on the subject property.

Based upon the Court's stated Findings and Conclusions, specifically the Conclusions that violations of state wetlands protection laws continue on the property and that the proposed boathouse does not constitute a permitted, conditional, or accessory use or building allowed in the Lake District, the Court announced its **DENIAL** of Applicants proposed development.

This completes the current proceedings before this Court on this application.

Done at Berlin, Vermont this 13th day of November, 2013.

_____
Thomas S. Durkin, Environmental Judge